# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CATHERINE LEE LEWIS, | ) | 1:09-cv-00315 OWW GSA |
| | ) | |
|         Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S EXHIBITS |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
|         Defendant. | ) ) | |

Plaintiff filed this action on February 20, 2009. On October 29, 2009, this Court received a lengthy document from Plaintiff entitled "Order of Exhibits." The exhibits appear to consist of more than 200 pages of Plaintiff's medical records. For the reasons given below, the Court has chosen not to file the "Order of Exhibits," and thus orders the Clerk of the Court to return the exhibits to Plaintiff simultaneous with its service of this Order upon the parties.

The Commissioner has the duty to lodge the administrative record in this matter. In fact, the Commissioner did so on August 24, 2009. (*See* Doc. 14.) Thus, this Court is currently in receipt of the record as it existed during the administrative proceedings previously held and from which Plaintiff has appealed. The Court will not consider new or additional evidence, not previously

considered by the administrative law judge ("ALJ") and Social Security Appeals Council, absent Plaintiff establishing good cause. The standard for good cause is provided below:

Pursuant to the provisions of Title 42 of the United States Code section 405(g), as amended in 1980, a case may be remanded to the Secretary if new evidence submitted is material, and there is good cause for the failure to incorporate it into the record. In order to be "material," the new evidence must be probative of the claimant's condition as it existed during the relevant time period -- on or before the administrative hearing. *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 511 (9th Cir. 1987). In addition, the claimant must prove to the reviewing court's satisfaction that there exists a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984). The good cause requirement is satisfied if the claimant could not have obtained the medical evidence at the time of the administrative proceeding, even though the evidence surfaces after the Secretary's final decision. *See Embry v. Bowen*, 849 F.2d 418, 423-24 (9th Cir. 1988); *Booz*, 734 F.2d at 1380.

A plaintiff may also fail to demonstrate good cause for not submitting the evidence earlier. Simply submitting a more favorable medical report obtained well after the ALJ's decision does not establish good cause. *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990). Rather, the claimant must establish good cause for not seeking the expert's opinion prior to the denial of the claim. *Id.* Where a claimant believes that such evidence supports a claim for disability, the proper procedure for submitting the evidence is in the context of a new application for benefits. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

## CONCLUSION

This Court orders the Clerk to return the "Order of Exhibits" to Plaintiff as these documents shall not be filed with the Court absent a showing of good cause by Plaintiff, in accordance with the legal standard provided above.

//

//

//

Finally, Plaintiff is reminded that pursuant to the Scheduling Order dated February 25, 2009, her opening brief shall be served upon the Commissioner and filed in this Court on or before November 27, 2009[1] (*See* Doc. 5 at ¶ 6), or ninety-five (95) days after the administrative record is lodged with this Court.[2]

IT IS SO ORDERED.

Dated: **October 30, 2009**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Due to the Thanksgiving holiday, the Court will be closed on Thursday, November 26 and Friday, November 27, 2009.

[2] 8/24/09 + 95 = 11/27/09.